UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JASS, LLC,<br><br>Debtor and Debtor In Possession. | Bankruptcy Case No. 25-17392 KHT<br>Chapter 11, Subchapter V |
| JASS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OFFEN PETROLEUM, LLC and COLORADO DEPARTMENT OF REVENUE,<br><br>Defendants. | Adv. Proc. No. _____ |

**COMPLAINT FOR DETERMINATION OF EXTENT, VALIDITY AND PRIORITY OF LIENS AND INTERESTS AND OTHER RELIEF**

NOW Comes Jass, LLC ("Jass"), debtor and debtor in possession in Case No. 25-17392 KHT, by and through its undersigned counsel, and in support of its Complaint For Determination of Extent, Validity and Priority of Liens and Interests and Other Relief, states as follows:

**JURISDICTION AND VENUE**

1. On November 11, 2025, Jass filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Colorado, Case No. 25-17392 KHT (the "Chapter 11 Case").

2. Jass continues in possession of its property, pursuant to 11 U.S.C. §§ 1107 and 1108. Mark Dennis has been appointed as the Subchapter V Trustee in the Chapter 11 Case.

1

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and Rule 7001 Fed. R. Bankr. P. *et seq*.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and/or (O), and 11 U.S.C. §105(a), in which this Court is empowered to enter final judgment. Further, this Court has the Constitutional authority to adjudicate the merits of the subject matter of this proceeding.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

6. Jass consents to the entry of final orders and judgment by the Bankruptcy Court.

## PARTIES

7. Jass is a Colorado limited liability company engaged in the business of selling gasoline, food and beverages to its retail customers at a station located in Longmont, Colorado.

8. Offen Petroleum, LLC ("Offen") is a limited liability company organized under the laws of the State of Colorado engaged in the sale of petroleum products.

9. The Colorado Department of Revenue, Taxation Division ("CDOR") is the principal agency of the State of Colorado responsible for administering, collecting and enforcing, *inter alia*, state level retail sales tax and fees.

## FACTS

10. On or about June 3, 2020, Jass purportedly entered into agreements with Offen, including *inter alia*, the following:

   a. Promissory Note in the principal amount of $331,699.00 between Offen and Jass dated June 3, 2020 (the "2020 Jass Note").

   b. Commercial Security Agreement dated June 3, 2020 (the "2020 Commercial Security Agreement").

      c.      Security Agreement dated June 3, 2020 (the "2020 Jass Security Agreement").

      d.      Unlimited Joint and Several Guaranty dated June 3, 2020 (the "Unlimited Guaranty").

11. The 2020 Jass Note, the 2020 Commercial Security Agreement, the 2020 Jass Security Agreement, and the Unlimited Guaranty are collectively referred to hereinafter as the "2020 Documents."

12. On or about February 28, 2024 Jass purportedly entered a Commercial Security Agreement with Offen (the "2024 Commercial Security Agreement") that superseded the 2020 Documents.

13. Jass purportedly entered agreements for the supply of motor fuels; namely, a Retailer Product Sales Agreement-Branded between Offen and Jass dated April 1, 2024 related to the motor fuel station located at 3851 Highway #119, Longmont, Colorado 80504 (the "Longmont RPSA").

14. Under the Longmont RPSA, Offen agreed to deliver and Jass agreed to purchase and pay for branded motor fuel from Offen.

15. The 2020 Commercial Security Agreement purportedly secured the payment and performance of all obligations of Jass until superseded by the 2024 Commercial Security Agreement on February 28, 2024.

16. The 2024 Commercial Security Agreement purportedly secured certain payment and performance obligations for Jass (among other entities) after February 28, 2024.

17. Under the 2020 Jass Security Agreement, Jass purportedly pledged to Offen only

a "purchase money security interest" in certain identified property; namely, "the following assets and personal property, wherever located, whether such property or interest therein is now owned or existing or hereafter acquired or arising (Collectively, the "Collateral"): all fuel supplied by the Lender."

18. Since at least August 2024, all motor fuels delivered by Offen to Jass were paid in full and had previously been sold to retail customers.

19. As a result, no purchase money security interest exists.

20. At all relevant times prior to May 14, 2024, the motor fuel station operated by Jass used a trademarked owned or controlled by a refiner: namely, "Phillips 66."

21. On or around May 14, 2024, Offen determined to remove the Phillips 66 trademark from the Longmont motor fuel station location.

22. By approximately June 16, 2024, the Phillips 66 trademark was completely removed from the Longmont motor fuel station and not replaced by a refiner trademark.

23. On October 31, 2024, Offen filed a Verified Complaint against Jass and other Defendants[1] in the District Court, Denver County, Colorado, that was assigned case number 2024CV33355 (the "State Court Litigation") wherein it asserted at paragraph 152 of the Verified Complaint as follows:

> According to the breaches and amounts owed and as set forth herein, as of the date of the filing of this Verified Complaint, 2024, Grace Royals, Jass, Waheguru, Xtreme, S&N, and Karma owe Offen at least $4,087,687.50.

---

[1] The defendants in that action are: Jass LLC, Waheguru LLC, Xtreme Petroleum LLC, Sandhu & Nijjar LLC, Karma, LLC, Glenwood GFB, LLC, Rifle RFB LLC, Kulwinder Kaur, Jaswinder Singh, Navkirat Singh and Gurpreet Singh.

**FIRST CLAIM FOR RELIEF**
(Determination of Extent, Validity and Priority of Liens)

24. Jass hereby incorporates the foregoing paragraphs 1 through 23 as if fully set forth herein.

25. Upon information and belief, Offen asserts a lien interest in the assets of Jass and the cash proceeds of those assets pursuant to the 2020 Documents and/or the 2024 Commercial Security Agreement.

26. The CDOR asserts a statutory lien in the amount of $15,039.31 in and against the assets of Jass.

27. The respective rights of Offen and the CDOR in the various assets and the proceeds thereof of Jass are uncertain and contradictory *inter se*, resulting in the uncertainty of the respective rights of Offen and the CDOR as to the extent, validity and priority of those adverse rights.

28. The uncertainty of the extent, validity and priority of the rights of Offen and the CDOR render it impossible to determine the appropriate treatment of those rights for the purposes of providing adequate protection, lien priority and payment under a plan.

WHEREFORE, Jass prays that this Court enter an order and judgment (a) determining and declaring the validity, nature, extent and priority of the rights of Offen and the CDOR *inter se* in and to the assets of Jass; (b) determining and declaring the extent to which the claims of Offen and the CDOR hold secured claims and to the extent that those claims are unsecured claims; and, (c) granting such other relief as deemed appropriate.

## SECOND CLAIM FOR RELIEF
### (Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq.)

29. Jass hereby incorporates the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. Jass (hereinafter also referred to as the "Branded Franchisee") is a retailer and a franchisee as those terms are defined in the Petroleum Marketing Practices Act ("PMPA") pursuant to the Longmont RPSA.

31. The Branded Franchisee enjoys a franchise relationship with Offen as that term is used in the PMPA.

32. Offen is the franchisor of the Branded Franchisee, as that term is used in the PMPA.

33. Offen is a distributor as that term is used in the PMPA.

34. Offen is a party to a franchise relationship with the Branded Franchisee as that term is used in the PMPA.

35. Pursuant to 15 U.S.C. § 2804, any termination of the relationship between the parties must be preceded by a notice of termination and must be based upon a valid ground specified in 15 U.S.C. § 2802.

36. No notice of termination consistent with Section 2804 has been furnished to Jass.

37. As a result, Offen stated no ground for termination, but even if it had, such ground would not have been valid for termination pursuant to 15 U.S.C. § 2802.

38. Any notice of termination furnished hereafter is untimely pursuant to the PMPA.

39. On or about May 15, 2024, the Longmont motor fuel station was current or timely with respect to payments due for products from Offen.

6

40. Notwithstanding the foregoing, at least as of June 16, 2024, Offen unilaterally ceased and refused to deliver motor fuels carrying the Phillips 66 trademark to Jass' motor fuel stations under any terms or conditions.

41. So, by June 16, 2024, the Longmont motor fuel station was no longer provided either the Phillips 66 trademark or Phillips 66 branded motor fuel.

42. Then, or about July 5, 2024, Offen unilaterally ceased and refused to deliver motor fuels of any kind or brand to the Longmont motor fuel station under any terms or conditions which required Jass to obtain a covering supply of motor fuels.

43. Offen's actions with respect to the Longmont motor fuel station, as aforesaid, each constitute an act of wrongful termination of the franchise relationship at the Longmont location.

44. Jass has incurred damages and losses as a result of Offen's conduct.

45. Offen asserts it has a right to "liquidated damages" and other relief flowing from their own conduct violative of the PMPA to which it is not entitled to collect by entry of a judgment against Jass.

46. As a result, Jass is entitled to relief under 15 U.S.C. § 2805.

WHEREFORE, Jass prays that this Court enter an order and judgment (a) declaring that Offen's conduct constitutes a wrongful termination and that the liquidated damages as alleged constitute an unenforceable penalty; (b) enjoining Offen from alleging, enforcing, seeking, or in any way attempting to collect liquidated damages or any other alleged damage or relief arising from or otherwise related to its own violations of the contract and operative law; (c) granting Jass compensatory and punitive damages in an amount to be proven at trial; (d) awarding Jass interest, attorneys fees and costs; and (e) granting such other relief as deemed appropriate.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract regarding the Branded Franchisee)

47. Jass hereby incorporates the foregoing paragraphs 1 through 46 as if fully set forth herein.

48. Offen purportedly entered into the Longmont RPSA with the Branded Franchisee.

49. Offen's conduct referenced hereinabove violates the terms of its own contract with the Branded Franchisee.

50. Offen caused the Branded Franchisee damages and losses.

51. Offen made no attempt to mitigate its damages and claims no obligation to do so.

52. Offen's claim for liquidated damages is a penalty and disallowed by law and equity.

53. The Branded Franchises are entitled to monetary damages, injunctive relief, and such other relief that the Court deems just and equitable pursuant to the Jass RPSA.

WHEREFORE, Jass prays that this Court enter an order and judgment (a) declaring that Offen's conduct constitutes a wrongful termination and that the liquidated damages as alleged constitute an unenforceable penalty; (b) enjoining Offen from alleging, enforcing, seeking, or in any way attempting to collect liquidated damages or any other alleged damage or relief arising from or otherwise related to its own violations of the contract and operative law; (c) granting Glenwood damages in an amount to be proven at trial; (d) awarding Glenwood interest, attorneys fees and costs; and (e) granting such other relief as deemed appropriate.

Dated this 3rd day of December, 2025.

/s/ John Morgan
John Morgan, Attorney
BARR & MORGAN
2777 Summer Street
Fifth Floor
Stamford, Connecticut 06905
(203) 345-1595
jmorgan@pmpalawyer.com


/s/ David V. Wadsworth
David V. Wadsworth, #32066
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com
*Attorneys for Jass, LLC*